# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  4:12 CV 2672** |
| | ) | **(4:09 CR 280)** |
| **Plaintiff-Respondent,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **PAUL D. BROWN,** | ) | |
| | ) | |
| **Defendant-Petitioner.** | ) | **MEMORANDUM OPINION** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  (Docket #39 in Case No. 4:09 CR 280.)  For the reasons set forth below, Petitioner's Motion is DENIED.

### Factual and Procedural Background

On June 16, 2009, Petitioner was charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Docket #1.)  The charge was the result of a May 25, 2009 stop in Youngstown, Ohio, at which time Youngstown Police Officer Douglas Pesa seized a loaded firearm from Petitioner, a convicted felon.  At the time of the stop, Officer Pesa was in the area responding to a report of a missing juvenile male.  Officer Pesa had information that Petitioner may have been involved in the juvenile's disappearance. Officer Pesa later learned that the missing boy had been murdered by Petitioner.

On August 4, 2009, Petitioner filed a Motion to Suppress the evidence obtained during a the May 25, 2009 stop and subsequent search of his person.  (Docket #13.)  On September 8, 2009, following a hearing on Petitioner's Motion to Suppress, the Motion was denied.[1]  (Docket #17.)

Following the Court's denial of Petitioner's Motion to Suppress, Petitioner entered a conditional guilty plea to the Indictment, reserving the right to appeal the Court's denial of his Motion to Suppress.  (Docket #17.)  On November 20, 2009, Petitioner was sentenced to 71 months incarceration, followed by three years of supervised release, and a $100 special assessment.  (Docket #s 21 and 22.)

On November 30, 2009, Petitioner filed a timely Notice of Appeal with the Sixth Circuit Court of Appeals.  The only issue raised on appeal was the denial of Petitioner's Motion to Suppress.  The Sixth Circuit affirmed this Court's denial of the Motion to Suppress, finding no Constitutional violation of Petitioner's rights.  The Sixth Circuit stated as follows:

> Eventually, what began as consensual cooperation followed by an investigatory stop escalated into a detention and arrest. Like the district court, we discern no constitutional violation in Officer Pesa's further actions.
>
> Officer Pesa's concern for his safety justified his asking Brown to step out of his vehicle. As Officer Pesa explained, "[Losing sight of a person's hands is] your number one threat. You know, when you lose sight of your hands, someone's hands, it becomes an extreme safety issue." (Citation omitted). Weighing the officer's safety against the de minimis intrusion of asking an already legitimately stopped individual to step out of his vehicle, we conclude that Officer Pesa acted reasonably in asking Brown to leave his vehicle. (Citation omitted).

---

[1]      Respondent, the United States, accurately set forth the events and circumstances attendant to Petitioner's stop, search and arrest, citing testimony from the Suppression Hearing.  See Response to Petitioner's Motion to Vacate (Docket #42) at pp. 3-6.  See also Transcript of Hearing on Motion to Suppress and Change of Plea.  (Docket #31.)

Brown's conduct upon exiting the vehicle justified Officer Pesa's move toward him to block any attempt to flee. The crowd of uncertain affiliation gathering behind Pesa, the lone officer in the high-crime neighborhood, justified Pesa's moving in to block Brown's escape and to place himself between the potentially hostile crowd and Brown.

As Officer Pesa bumped against Brown, he felt the distinctive bulge of a firearm at Brown's waist. Officer Pesa could reasonably conclude at that point that Brown posed a danger: he now knew that Brown, in addition to showing signs of flight-or-fight panic, had ready access to a gun. (Citation omitted). Officer Pesa justifiably concluded that Brown was armed and dangerous, supporting handcuffing Brown and confiscating the weapon.

Because none of the intrusions in the chain of events leading to the gun's seizure violated the Fourth Amendment, we affirm the denial of Brown's motion to suppress.

On October 25, 2012, Petitioner filed his Motion to Vacate pursuant to 28 U.S.C. § 2255 (Docket #39), setting forth the following as grounds for relief:

(1) "Unconstitutional. Violated the Fourth Amendment: Right to be free from unreasonable searches and seizures;
(2) "Mr. Brown was subjected to an involuntary detention";
(3) "Officer Pesa had no reasonable suspicion that Mr. Brown was engaged in any criminal activity when the involuntary detention began"; and,
(4) "Because the officer lacked reasonable suspicion to detain Mr. Brown. The evidence obtained, during the detention, must be suppressed. Also, it's (sic) new evidence, to show that I wasn't the last person with the young boy, Mr. Jackson. Also, that I wasn't the one that killed him (Mr. Jackson). Also, it shows that Officer Pesa added false statements at the motion to suppress hearing. See all transcripts from state, federal, and reports from Officer Pesa."

On November 29, 2012, the Government filed its Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence. (Docket #42.) The Government argues that Petitioner cannot relitigate issues that were raised and considered on direct appeal; that Petitioner's claims are unsupported; and, that the Motion to Vacate should be denied.

**Discussion**

Title 28 U.S.C. § 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

A motion filed pursuant to Section 2255 "may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996) and *Davis v. United States*, 417 U.S. 333, 345 (1974)).  All of the grounds for relief raised by Petitioner in his Section 2255 Motion relate back to his Motion to Suppress which was denied by this Court, the denial then affirmed by the Sixth Circuit on appeal.  Further, Petitioner failed to provide evidentiary support for his conclusory assertion that Officer Pesa offered false testimony during the Suppression Hearing.  Accordingly, Petitioner's Motion to Vacate (Docket #39) is denied.

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in part, as follows:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.

-4-

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2253(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack*, 529 U.S. at 484.  Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling.  *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a

certificate of appealability.

## Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct

Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #39 in Case No. 4:09 CR 280) is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could

not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.


 s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge


DATE:  December 7, 2012

-6-